ALICIA LÓPEZ MARTÍNEZ, demandante y recurrida, *v.* JAIME RAMÓN YORDÁN, demandado y recurrente.

*Número:* R-75-155      *Resuelto:* 27 de enero de 1976

*Dubón & Dubón,* abogados del recurrente; *Raúl Tirado Rodríguez,* abogado de la recurrida.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

El marido recurre de sentencia mediante la cual se decretó la liquidación de la sociedad de gananciales con la recurrida. Acordamos revisar limitando el auto a dos conclusiones de la sala de instancia: (1) Que un dividendo en acciones pagado sobre acciones privativas resulta ser un bien ganancial; y (2) Que los alimentos que el padre y la madre deben a sus hijos menores, una vez disuelto el matrimonio y hasta que se liquida la masa común de bienes, no son con cargo a dicho caudal común.

## I

El Art. 1301 del Código Civil (31 L.P.R.A. sec. 3641) clasifica como bienes gananciales los frutos, rentas o intereses percibidos o devengados durante el matrimonio procedentes de los bienes comunes o de los *peculiares* de cada uno de los cónyuges. Fruto es aquel producto derivado de la cosa principal, separable de la misma sin disminuirla y sin afectar su destino económico que se percibe con relativa periodicidad. J. L. Alvarez Alvarez, *El Aumento del Capital de las Sociedades Anónimas y la Sociedad de Gananciales*, 13 Anales de la Academia Matritense, pág. 240 (1959). Por otro lado, una acción es un interés o cuota perteneciente al accionista individualmente en la propiedad de la corporación. Un dividendo en acciones es aquel que se paga en acciones reservadas o adicionales emitidas de la corporación, resultando en una conversión de ganancias en capital e implica continuación de la corporación con los mismos activos y pasivos. El propósito del dividendo en acciones es capitalizar ganancias para conservar o fortalecer el capital de operación. De modo que dicho dividendo nada toma de la propiedad de la corporación ni en forma alguna reduce sus activos, como tampoco nada suma al capital del accionista. Simplemente altera la forma de su inversión aumentando el número de sus

acciones y en consecuencia disminuyendo el valor de cada acción, pero dejando substancialmente igual el valor total de sus acciones; pues si bien adquiere más acciones, cada una de éstas representa un interés fraccional menor que antes en el total de la propiedad corporativa, y su participación e interés proporcional en los activos de la corporación siguen siendo los mismos. Fletcher, *Private Corporations*, Vol. 11, secs. 5359 y 5362, ed. revisada 1971; *Eisner* v. *Macomber*, 252 U.S. 189. En análogo examen de los activos de capital en las sociedades anónimas, Alvarez Alvarez concluye que sólo el beneficio repartido se puede considerar fruto; que las nuevas acciones con cargo a reservas han de seguir la suerte del capital social ya existente y, por consiguiente, han de ser un valor *privativo* del accionista; que habiendo ocurrido sólo un desdoblamiento o transformación del bien privativo original, nada adquiere en la operación la sociedad de gananciales. *Ibid* págs. 244–5; 258–9; Puig Brutau, *Fundamentos de Derecho Civil*, Tomo IV, Vol. 1, pág. 646, ed. 1967.

## II

Por un extendido período desde el divorcio hasta mayo de 1973 el recurrido pagó $55,000 para alimentos de sus tres hijos, partida ésta que el juez sentenciador rehusó cargar a la sociedad de gananciales. Gobiernan la situación el Art. 153 del Código Civil (31 L.P.R.A. sec. 601) que impone la obligación de alimentar los hijos no emancipados tanto al padre como a la madre; y específicamente el Art. 145 (31 L.P.R.A. sec. 564) al disponer que cuando recaiga sobre dos o más personas la obligación de dar alimentos, se repartirá entre ellos el pago de la pensión en cantidad proporcionada a su caudal respectivo. En la liquidación ha de reconocerse al marido un crédito por la parte proporcional que en dichos alimentos corresponde pagar a la madre de los alimentistas. Dicha proporción es cuestión a fijarse por la sala de instancia

luego de determinar el "caudal respectivo" de cada ex-cónyuge.

Con dichos antecedentes se modificará la sentencia dictada el 7 de abril de 1975 por la Sala de San Juan al solo efecto de excluir del cuerpo de bienes gananciales sujetos a división los dividendos en acciones pagados sobre acciones privativas del recurrente en las corporaciones Industrial Productora de Gas, Inc.; Santa María Gases, Inc.; General Gases & Supplies Corp., y Banco Popular de Puerto Rico; e imponiendo a la recurrida participación proporcional en la partida de alimentos de los hijos.

Se devolverá el caso a la sala de instancia para procedimientos y ajustes en la liquidación compatibles con lo aquí resuelto. *Así modificada será confirmada.*

El Juez Presidente Señor Trías Monge no participó.