ADA OLGA MUNDO, demandante y recurrente, *v.* FRANCISCO CERVONI, demandado y recurrido.

*Número:* R-84-77      *Resuelto:* 15 de mayo de 1984

*Sarah Torres Peralta,* abogada de la recurrente; *Marcos Rodríguez Frese,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En la sentencia de instancia sobre liquidación de sociedad de gananciales de la demandante Olga Mundo y el demandado Francisco Cervoni, entre otras disposiciones se reconoció a éste un crédito contra el caudal de su ex esposa de 57% de las pensiones alimenticias por él pagadas para beneficio de tres hijos del matrimonio disuelto.

Al recurso de la demandante, el 21 marzo, 1984 requerimos del demandado mostrar causa por la que no deba eliminarse dicho crédito, [1] habida cuenta de que el mismo

---

[1] 57% de $14,936 = $8,513.52

representa una exoneración parcial de la obligación alimenticia por él estipulada y consentida. Su escrito de contestación no confronta la cuestión central incorporada en la orden: acepta llanamente que "accedió, primero, a estipular la pensión, y luego, a que se le aumentara".

Si bien el Art. 1308(5) C.C. declara cargo de la sociedad de gananciales el sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges, cuando la obligación de dar alimentos recaiga sobre dos o más personas —dice el Art. 145 C.C.— se repartirá entre ellos el pago de la pensión en cantidad proporcionada a su caudal respectivo. Resolvemos que al liquidar los gananciales un alimentante podrá reclamar crédito contra el otro obligado, sólo por los pagos en exceso de la justa pensión acordada o fijada por el tribunal y que la labor personal de un cónyuge que al administrar la pensión la convierte y destina a todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica de sus hijos (Art. 142 C.C.) debe estimarse como descargo de su propia obligación de alimentar y constituye elemento apreciable por el juzgador al dirimir la reclamación de crédito entre alimentantes solidarios.

## I

La aptitud de la madre recurrente, contadora pública de práctica muy reducida, para suministrar alimentos en la proporción que fuere, fue dato necesariamente evaluado y tomado en cuenta por el demandado al estipular *su parte* de la obligación alimenticia en ocasión del divorcio, sentencia del Tribunal Superior de Puerto Rico, Sala de San Juan, de 21 enero, 1980; y extensamente ponderada por el tribunal al resolver la solicitud de aumento de la demandante, que concedió en $50 mensuales, de cuya resolución (2 julio, 1982) no aparece que el demandado objetara como desproporcionada la petición de aumento, y sí que "manifestó estar dispuesto a hacer ajustes en su presupuesto para

aumentar un poco la pensión". (Ap., pág. 320.) En dicha resolución la sala de instancia hizo un acucioso examen de ingresos y egresos de demandante y demandado y sólo concedió $50 del aumento de $168 mensual que ella solicitaba, luego de consignar que *tomaba en consideración* la citada expresión del demandado. En ninguna de las ocasiones en que se fijó, en 1980 y 1982, tuvo la pensión carácter *provisional* con reserva a favor del alimentante para repetir por parte alguna de lo pagado. Se deduce de los procedimientos reseñados que la pensión acordada no cubre la totalidad de gastos de subsistencia de los tres hijos alimentistas, y sí solamente la parte que en dicha obligación corresponde al padre exclusivamente. Se reparte la obligación solidaria de dar alimentos entre ellos, desde su incepción, en cantidad proporcionada a su caudal respectivo. Art. 145 C.C. Tampoco comprende la pensión "gastos extraordinarios" incurridos para cubrir una necesidad imprevista y apremiante de los hijos. *Guadalupe Viera* v. *Morell*, 115 D.P.R. 4 (1983). En *López Martínez* v. *Yordán*, 104 D.P.R. 594 (1976), no surgen como hechos determinantes de decisión el pacto, la estipulación y el asentimiento —sin reserva para repetir— por parte del demandado, que dominan la situación factual de autos.

■ La total ausencia de objeción o de reserva es indicativa de que el demandado no asumió el pago proporcional que correspondía a la madre demandante ni en la estipulación original ni en la resolución modificativa. La prueba dejó establecido que la demandante es hija única de padres de holgada posición económica que le hicieron donaciones significativas y le suplieron dinero cuantas veces lo pidió ella para adquirir un automóvil, cambiar de vivienda o mejorarla durante los doce años que duró el matrimonio. Esta suficiencia económica de la demandante, aunque derivada, es ulterior indicio de que ella estaba aportando su parte al sostenimiento de los hijos y de que el demandado no pagó por

ella. (²) En estas circunstancias, reconocerle un crédito por la pensión contra el caudal de su ex esposa equivaldría a exonerarlo en 57% de su obligación alimenticia. El crédito admisible se limita a lo pagado por una parte "en exceso de lo que le correspond[e]". *Calvo Mangas* v. *Aragonés Jiménez*, 115 D.P.R. 219 (1984).

## II

Fundada la prestación alimenticia en la solidaridad familiar y en el derecho a la vida del alimentista, es amplísimo el concepto de "alimentos" que el Código Civil define en su Art. 142 como "todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia". Tanto contribuye a alimentar los hijos el padre que suministra con regularidad determinada suma de dinero, como la madre que con su labor y energía realiza el propósito y destino de la pensión al preparar y servir la comida a sus hijos, al mantener la casa limpia y ordenada, al llevarlos a la escuela para su educación, y al médico si se enferman. No hay base moral ni jurídica para concluir que una madre que así se conduce falta al deber de alimentar sus hijos no emancipados que le impone el Art. 153, ni puede menospreciarse su aportación física y anímica al sustento de sus hijos reduciéndola a cero, llegado el momento de liquidación de gananciales, y dándole un crédito contra ella al marido porque no contribuyó proporcionalmente *con dinero*. Claro que no podrá oponer su trabajo al crédito del marido, la madre que disponga de pensión tan alta que le permita contratar y pagar empleados en quienes delegar tan importantes funciones de jefe de familia y coadministradora de la sociedad, pero esta situación no se da, por regla general.

---

(²) El demandado es cuidadoso en la protección de su interés. Cuestionó una acreencia de su suegro por $5,000 que suscribieran ambos, porque la demandante ofreció fotocopia de los cheques que integraban dicha suma, en vez de los originales. Ap., pág. 221.

■ Consecuentemente, para una cabal determinación de en qué caso y hasta qué punto deba repartirse entre los dos o más obligados a dar alimentos el pago de la pensión en cantidad proporcionada a su caudal respectivo (Art. 145 C.C.), forzoso es remitirnos a la apreciación de las circunstancias por el juez, según la prueba que habrá de hacerse en el juicio. Corresponde probar a quien reclame crédito por pago en exceso de su parte proporcional dentro de la obligación solidaria, y tendrá derecho a crédito si el juez estima su alegación y al fijar la pensión deja a salvo y reserva su derecho para repetir en su día contra la otra parte obligada.

En el presente caso y en las dos ocasiones en que la pensión fue objeto de evaluación, no hubo reserva de derecho a repetir; y la conformidad y consentimiento del demandado excluyeron toda apreciación por el juez de la razón de pago en exceso que demoradamente se esgrime para justificar el crédito contra la demandante.

*Se expedirá el auto y se modificará la sentencia revisada al solo efecto de eliminar el crédito de 57% de $14,936 por pensión alimenticia concedido al demandado recurrido en la liquidación de gananciales. El pleito volverá a instancia para el reajuste correspondiente.*

*Así modificada, se confirma.*

Los Jueces Asociados Señores Torres Rigual y Rebollo López concurren en el resultado sin opinión. El Juez Asociado Señor Negrón García no intervino.