CC-1998-56                                                      1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Israel Figueroa Robledo y otros<br>      Recurridos<br><br>                  v.<br><br>Petra Rivera Rosa y otros<br>      Peticionarios | Certiorari<br><br>99 TSPR 159 |
| --- | --- |

Número del Caso: CC-1998-56

Abogado de la Parte Peticionaria:  Lcdo. Wilfredo Rivera
Figueroa

Abogado de la Parte Recurrida:     Lcdo. Hiram Betances Fradera

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Panel Integrado por: Hon. Arbona Lago
                     Hon. Negroni Cintrón
                     Hon. Salas Soler

Fecha: 22/10/1999

Materia: División de Comunidad

Este documento constituye un documento oficial del
Tribunal Supremo que está sujeto a los cambios y
correciones del proceso de compilación y publicación
oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio
público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Israel Figueroa Robledo,
su esposa Victoria Figueroa
Torres, etc.**

   **Demandante y Recurridos**

     Certiorari

   **v.**

**Petra Rivera Rosa, su esposo
Julio Morales y la Sociedad
Legal de Bienes Gananciales**

   **Demandado y Peticionarios**

CC-1998-56

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 22 de octubre de 1999.

Nos corresponde determinar cuál es la naturaleza de la obligación que surge entre excónyuges, cuando uno de ellos incumple la obligación, impuesta por sentencia, de alimentar a sus hijos menores de edad, y el otro excónyuge se ve obligado a sufragar la totalidad de los gastos de dichos menores.

Por considerar que en casos como el de autos, surge una acción personal de reembolso a favor del excónyuge que sufragó los gastos de alimentos que correspondían al otro excónyuge, y que es de aplicación el Artículo 1864 del Código Civil, 31 L.P.R.A. sec. 5294, el cual dispone que las

acciones personales que no tengan un término señalado de prescripción especial, prescriben a los quince años, revocamos la sentencia del Tribunal de Circuito de Apelaciones, y ordenamos la continuación de los trámites en el Tribunal de Primera Instancia, de acuerdo a los parámetros esbozados en esta Opinión.

I

El Sr. Israel Figueroa Robledo y la Sra. Petra Rivera Rosa contrajeron matrimonio el 26 de septiembre de 1959. Tras veinticuatro años de matrimonio, se divorciaron por la causal de mutuo consentimiento, el 19 de julio de 1983.[1] Para dicha fecha, cuatro de los seis hijos procreados en el matrimonio, eran menores de edad.

El tribunal adjudicó en la sentencia de divorcio la titularidad de ciertos bienes gananciales, y dispuso que la vivienda conyugal continuaría como hogar de la señora Rivera Rosa y sus hijos menores, hasta que el más pequeño adviniese la mayoría de edad, lo cual sería el 2 de febrero de 1992. El tribunal dictaminó que los pagos de la hipoteca que grava la vivienda ganancial serían satisfechos por el señor Figueroa Robledo y le impuso además, el pago de las deudas contraídas durante el matrimonio.

El tribunal ordenó al señor Figueroa Robledo el pago de $300.00 en calidad de pensión alimentaria para sus hijos menores de edad, los cuales permanecieron bajo la custodia de su madre. Dispuso que dichos pagos se hiciesen directamente a la señora Rivera Rosa y le advirtió expresamente al señor Figueroa Robledo que debería conservar los recibos de los pagos efectuados.

---

[1] Caso Civil RF-82-1575, Tribunal Superior, Sala de Humacao.

En septiembre de 1985 el señor Figueroa Robledo solicitó, mediante moción de relevo de sentencia, que se le relevara del pago de la pensión alimentaria por haber sido cesanteado de su trabajo. Celebrada la vista, en la cual el señor Figueroa Robledo compareció con su abogado y la señora Rivera Rosa compareció por derecho propio, el tribunal aceptó reducir la pensión alimentaria a $100.00 mensuales, y advirtió específicamente al señor Figueroa Robledo que debía notificar tan pronto obtuviese un nuevo empleo, para celebrar una nueva vista y llegar a una determinación de si correspondía aumentar nuevamente la pensión alimentaria.[2] Según surge del expediente del caso de divorcio, el señor Figueroa Robledo nunca cumplió con el requerimiento de notificación, ni compareció nuevamente ante el tribunal.

A pesar de que la hija menor del matrimionio advino la mayoría de edad el 2 de febrero de 1992, no fue hasta el 11 de octubre de 1996, que el señor Figueroa Robledo instó ante el Tribunal de Primera Instancia una demanda de división de bienes gananciales contra la señora Rivera Rosa. En la misma alegó que la demandada se había mantenido en la posesión y el disfrute de la vivienda ganancial desde la disolución del matrimonio y solicitó un crédito por renta disfrutada por la demandada, así como un crédito por la mitad del pago de la hipoteca que grava la propiedad, a partir de la fecha en que la hija más pequeña advino la mayoría de edad.

La señora Rivera Rosa presentó una reconvención en la cual alegó que el señor Figueroa Robledo incumplió, desde 1983, con el pago de la pensión alimentaria de los menores, y reclamó un crédito por los gastos incurridos por ella en su manutención, así como en la conservación y mejoras realizadas en la vivienda.

---

[2] Minuta del 14 de octubre de 1985. Caso Civil RF-82-1575, Tribunal Superior, Sala de Humacao.

El señor Figueroa Robledo se opuso a la reconvención y alegó que la misma era improcedente por tratarse de una demanda para la liquidación de gananciales y no de alimentos, y en la alternativa, que cualquier reclamación de alimentos estaba prescrita, por haber transcurrido más de cinco años desde que la menor de sus hijos se había emancipado por matrimonio.[3]

Tras varios trámites procesales, el tribunal ordenó enmendar la demanda para traer al pleito a la nueva esposa del señor Figueroa Robledo y a la sociedad de gananciales por ellos constituida, así como al nuevo esposo de la señora Rivera Rosa, y a la sociedad de bienes gananciales por ellos constituida, como partes indispensables.

Posteriormente, el tribunal de instancia dictó sentencia parcial en la cual concluyó que la señora Rivera Rosa no tenía derecho al crédito por los gastos incurridos en la manutención de sus hijos menores. Determinó el tribunal sentenciador que la señora Rivera Rosa carecía de legitimación activa para reclamar un crédito por las pensiones dejadas de pagar, ya que por haber advenido los hijos a la mayoría de edad, son éstos los que tienen la capacidad para representarse ante el tribunal.

Oportunamente, la señora Rivera Rosa acudió al Tribunal de Circuito de Apelaciones para revisar dicha sentencia. Dicho foro revocó la sentencia del tribunal de instancia y permitió la acumulación dentro del trámite de liquidación de la sociedad legal de gananciales, de la acción en cobro de dinero por las alegadas pensiones alimentarias no pagadas.

---

[3] Memorando de Derecho ante el Tribunal de Primera Instancia, 26 de octubre de 1996; Réplica a Moción Objetando Contestación a Interrogatorio ante el Tribunal de Primera Intancia, 5 de abril de 1997; Escrito en Oposición a Certiorari y Para Mostrar Causa ante el Tribunal de Circuito de Apelaciones, 19 de diciembre de 1997; Escrito en Oposición a Certiorari ante el Tribunal Supremo de Puerto Rico, 18 de febrero de 1998.

En cuanto al término prescriptivo aplicable, el tribunal apelativo determinó que la acción para tal reclamo estaba sujeta a un término de cinco años, el cual comenzó a decursar con el vencimiento y retraso de cada aportación mensual. Concluyó que a la fecha en que se interrumpió la prescripción con la contestación a la demanda reclamando lo adeudado, no había transcurrido el término prescriptivo en cuanto a la totalidad de lo reclamado.

Inconforme, la señora Rivera Rosa acudió ante nos para que revisemos la determinación del tribunal apelativo que aplicó a su reclamación el término prescriptivo de cinco años establecido por el Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296, para los reclamos de alimentos. El señor Figueroa Robledo se opuso a la petición de certiorari. Expedido el auto, ambas partes solicitaron que a tenor con lo dispuesto en la Regla 33(k) del Reglamento de este Tribunal se permitiese someter el caso sin presentar alegatos. Ordenamos a la Secretaria de este Tribunal elevar los autos del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones. Examinados los autos, resolvemos.

II

Nuestra jurisprudencia ha reconocido que el derecho a reclamar alimentos, como parte del derecho a la vida, es uno de profundas raíces constitucionales. Este derecho fundamental se acentúa cuando están envueltos alimentos de menores y forma parte del poder de *parens patriae* del Estado. González v. Suárez Milán, 131 D.P.R. 296 (1992).

Reiteradamente hemos señalado que, en nuestra jurisdicción, los menores tienen un derecho fundamental a reclamar alimentos, que los casos relacionados con alimentos de menores están revestidos del más alto interés público, y que en éstos, el interés no puede ser otro que el bienestar del menor. Negrón

Rivera y Bonilla Ex parte 120 D.P.R. 61 (1987); Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616 (1986).

La obligación del sustento de los hijos menores recae en ambos padres. Sin embargo, una vez roto el vínculo matrimonial, se reparte entre los padres el pago de la pensión alimentaria en cantidad proporcionada a su caudal respectivo. Código Civil, artículo 145, 31 L.P.R.A. sec. 564; López Martínez v. Yordán, 104 D.P.R. 594 (1976). También hemos reconocido que la labor personal de un cónyuge que al administrar la pensión la convierte y destina a todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica de sus hijos debe estimarse como descargo de su propia obligación de alimentar. Mundo v. Cervoni, 115 D.P.R. 422 (1984).

En aquellas ocasiones en que uno de los padres alimentantes ha pagado en exceso de lo que le corresponde, hemos determinado que procede reconocerle, al momento de llevar a cabo la liquidación de los bienes gananciales, un crédito por la parte que le correspondía pagar al otro excónyuge también alimentante. López Martínez v. Yordan, *supra.* De igual modo, en Calvo Mangas v. Aragonés, 115 D.P.R. 219 (1984), reconocimos expresamente que cuando un padre alimentante paga en exceso de lo que le corresponde, tiene un crédito a su favor por ese excedente.

Es a la luz de estos principios rectores en nuestro ordenamiento que debemos examinar, en primer lugar, si dados los hechos ante nos, surgió entre el señor Figueroa Robledo y la señora Rivera Rosa algún tipo de obligación. De responder en la afirmativa debemos determinar cuál es la naturaleza de dicha obligación y su término prescriptivo.

III

Un examen de los autos del caso de divorcio refleja que al dictarse la sentencia de alimentos, el señor Figueroa Robledo trabajaba como administrador de una cafetería y devengaba un sueldo neto de $403.00 semanales. La señora Rivera Rosa se desempeñaba como supervisora de factoría y devengaba un sueldo neto de $104.00 semanales. Tomando esto en consideración, el tribunal sentenciador, impuso al señor Figueroa Robledo una pensión alimentaria de $300.00 mensuales **para el sustento de sus hijos menores**. Por existir relaciones cordiales entre ambos, el tribunal no reguló las relaciones paterno filiales y ordenó al señor Figueroa Robledo entregar a la peticionaria el monto de la pensión alimentaria. No se impuso al señor Figueroa Robledo una pensión alimentaria a favor de su excónyuge. Tampoco se impuso a la señora Rivera Rosa, con quien permanecieron viviendo los menores, pago de pensión alimentaria para sus hijos.

La señora Rivera Rosa alega que el señor Figueroa Robledo incumplió con el pago de la pensión alimentaria impuesta por sentencia, y reclama que se le otorgue a ella un crédito por los gastos en que incurrió en la manutención de sus hijos. El tribunal de instancia consideró que se trataba de una reclamación alimentaria por lo cual consideró que la señora Rivera Rosa carecía de legitimación para instarla, pues ya los hijos del matrimonio habían advenido la mayoría de edad. Incidió.

Examinada cuidadosamente la situación ante nos, concluimos que la reclamación de la señora Rivera Rosa no configura una reclamación de alimentos. Como correctamente determinó el Tribunal de Circuito de Apelaciones,[4] la señora Rivera Rosa lo que reclama es que se le reembolse por los gastos en que ella

---

[4] Sin embargo, aunque el Tribunal de Circuito de Apelaciones caracterizó de modo correcto la naturaleza de la obligación, erró al concluir que le aplicaba el término prescriptivo de cinco años de las acciones de alimentos.

tuvo que incurrir para alimentar a sus hijos, debido a que el verdadero deudor en la obligación alimentaria, el señor Figueroa Robledo alegadamente no pagaba.  Se trata, pues, de una acción personal de reembolso, ya que, de demostrarse en su día que el señor Figueroa Robledo incumplió con su obligación como alimentante de sus hijos, es forzoso concluir que la madre se vio obligada a cubrir con sus ingresos, los gastos de los menores que correspondía satisfacer al padre.

Nuestro ordenamiento provee para situaciones como la de autos mediante la figura del pago por tercero regulada en el artículo 1112 del Código Civil, 31 L.P.R.A. sec. 3162:

> Puede hacer el pago cualquier persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.
>
> **El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado**, a no haberlo hecho contra su expresa voluntad.
>
> En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago.[5]

La doctrina expresamente reconoce que el articulado del pago por tercero, artículo 1112 *et seq* del Código Civil[6] es de aplicación a muchos supuestos:

> El Código civil da a la palabra pago un sentido amplio de *solutio,* de cumplimiento de las obligaciones que permite aplicar directamente el artículo 1158 [artículo 1112 nuestro] a muchos supuestos de *utiliter coeptum,* en especial a todos aquellos en que el gestor obra por necesidad legal. La analogía entre los supuestos de necesidad legal a otros de necesidad física, otros *ex circumstantiis,* etc., no será, en la mayor parte de los casos, forzada. Scaevola 30-I Código Civil Comentado y Concordado, 513 (1957).

En particular se ha reconocido que dicho articulado es de aplicación a reclamaciones pecuniarias, aun en aquellos casos en

---

[5] *Véase además* Eastern Sands, Inc. v. Roig Commercial Bank, res. 9 de mayo de 1996, 140 D.P.R. ___ (1996).

[6] 31 L.P.R.A. sec. 3162 *et seq.* Idéntica disposición se encuentra en el artículo 1158 del Código Civil Español.

que la obligación o deuda satisfecha por el tercero es una obligación alimentaria que el verdadero deudor ha incumplido. José Luis Lacruz Berdejo, *La gestión de negocios sin mandato*, 51 Revista Crítica de Derecho Inmobiliario, 245,270 (1975).

Al analizar la razón de ser del término prescriptivo de las reclamaciones de alimentos la doctrina reconoce que tal término sufre una excepción en ciertos casos:

> [C]uando las necesidades del alimentista hayan sido atendidas por un tercero, pues sin duda éste podría dirigirse contra el obligado para exigirle el reembolso. Puig Peña, II-2 **Tratado de Derecho Civil Español**, 249 citado con aprobación en IV Puig Brutau, **Fundamento de Derecho Civil,** 285 (1985).

De un examen de la sentencia en el caso de divorcio surge claramente que las partes en la obligación alimentaria lo eran los hijos menores de edad como acreedores alimentistas, y el padre, el señor Figueroa Robledo, como deudor alimentante. La señora Rivera Rosa era una tercera[7] en cuanto a la obligación alimentaria, y el hecho de que el tribunal dictaminara que, por existir relaciones cordiales entre los excónyuges el pago de la pensión se hiciera directamente a ella, no cambia la naturaleza o las partes en la obligación.

Debemos recordar que el pago por tercero origina unas consecuencias jurídicas según los distintos supuestos recogidos en nuestro Código Civil. Cuando un tercero paga con conocimiento y aprobación del deudor, ya sea expresa o tácita, o paga porque tiene interés en el cumplimiento de la obligación, el tercero tiene una acción de reembolso contra el deudor, o a su elección, podrá compeler al acreedor a que le

---

[7] La doctrina, al analizar los articulados que regulan el pago por tercero, aclara que el tercero es aquél que no está ligado al deudor por una relación contractual o por algún vínculo convencional que establezca la obligación cumplida. R. Bercovitz y Rodríguez Cano en Albadalejo, XVI-1 Comentarios al Código Civil y Compilaciones Forales, 2 Ed. 1991, pág. 23.

subrogue en sus derechos.   Art. 1113, 31 L.P.R.A. sec. 3163; Art. 1164(2), 31 L.P.R.A. sec. 3248.[8]

En Eastern Sands v. Roig Commercial Bank, *supra*, expresamente reconocimos, adoptando la posición mayoritaria de la doctrina española, que el derecho a escoger entre la subrogación o la acción de reembolso quedaba a discreción de aquél, que facultado por el ordenamiento para escoger la subrogación, optaba por renunciar a la misma y ejercitar una acción de reembolso.  Bercovitz y Rodríguez Cano, *supra*, a la pág. 48.[9]

Por su parte, cuando un tercero paga ignorándolo el deudor, la única acción de que dispone es una de reembolso contra el acreedor.  En aquellos casos en que un tercero paga contra la expresa voluntad del deudor, carece de la acción de reembolso y sólo tiene contra el deudor una acción de repetición en cuanto a aquello en que le hubiera sido útil el pago, es decir en la medida que dicho pago haya enriquecido al deudor.   Diez Picazo, II Sistema de Derecho Civil, 6 Ed. (1983), a las págs. 250 y sig.

De lo anteriormente expuesto, podemos concluir que, de quedar demostrado ante el tribunal de instancia que el señor Figueroa Robledo incumplió con la pensión ordenada por el tribunal, la señora Rivera Rosa tiene disponible una acción de

---

[8] El artículo 1113 dispone:
"El que pague en nombre del deudor, ignorándolo éste, no podrá compeler al acreedor a subrogarle en sus derechos."
    Por su parte el artículo 1164 dispone:
"Se presumirá que hay subrogación:
    (1) Cuando un acreedor pague a otro acreedor preferente.
    (2) Cuando un tercero, no interesado en la obligación, pague con aprobación expresa o tácita del deudor.
    (3) Cuando pague el que tenga interés en el cumplimiento de la obligación, salvo los efectos de la confusión en cuanto a la porción que le corresponda."

[9] En lo pertinente expone: *[E]n el momento del pago el tercero, beneficiario de la subrogación, puede renunciar a ella, optando por ejercer frente al deudor la acción de reembolso o la acción de repetición....*

reembolso contra el señor Figueroa Robledo por los gastos en que incurrió, a costa de su propio peculio, para cubrir los gastos de manutención de sus hijos menores que correspondían al señor Figueroa Robledo. Esta acción de reembolso está disponible, independientemente de si el señor Figueroa Robledo conocía o desconocía que el pago se estaba efectuando.[10]

Anteriormente, en Ríos Rosario v. Vidal Ramos, *supra,* al determinar que una madre no tiene legitimación para reclamar las pensiones alimentarias de sus hijos, una vez éstos han alcanzado la mayoridad, intimamos la norma que hoy expresamente reconocemos. En aquella ocasión expresamos:

> Lo anterior, no obstante, no impide que la recurrida, al amparo de las disposiciones del artículo 1112 del Código Civil, 31 L.P.R.A. sec. 3162, logre probar mediante prueba preponderante la existencia de una deuda del recurrente para con su persona.

Nuestra decisión es además, cónsona con nuestros pronunciamientos anteriores en los cuales reconocimos que el excónyuge alimentante que paga en exceso de lo que le corresponde, tiene un crédito por lo que pagó de más. López Martínez v. Yordán, *supra;* Calvo Mangas v. Aragonés, *supra.*

Analizada la normativa vigente, así como los hechos ante nuestra consideración, resolvemos que, de quedar probado en instancia el incumplimiento del señor Figueroa Robledo de su obligación alimentaria para con sus hijos, la señora Rivera Rosa tiene derecho a que su excónyuge le reembolse por los gastos en que incurrió, en ocasión de dicho incumplimento, para satisfacer las necesidades de sus hijos.

Procede que, al momento de decretar la liquidación de la sociedad legal de gananciales, el tribunal de instancia tome en

---

[10] Nada hay en los autos que nos permita inferir que el señor Figueroa Robledo **se opuso expresamente** a que la señora Rivera Rosa cubriera los gastos de los menores. Por tal razón, no es necesario discutir el derecho a repetición por enriquecimiento producido por el pago.

consideración la procedencia de la acción de reembolso. El crédito, si alguno, que corresponde a la señora Rivera Rosa ha de ser satisfecho de los bienes personales del señor Figueroa Robledo. No procede imputar dicho crédito a la masa ganancial a liquidarse, pues a diferencia de los alimentos debidos a los hijos menores vigente el matrimonio, o pendiente la acción de divorcio, no se trata de una obligación ganancial. Una vez decretado el divorcio, la obligación de alimentar a los hijos menores es una obligación personal de cada uno de los excónyuges que deberá ser satisfecha de su propio peculio, a excepción de aquellos casos en que el padre o madre alimentante haya contraído nuevas nupcias, en que la obligación será imputable a la nueva sociedad de gananciales que se haya constituido. Artículo 1308 del Código Civil. 31 L.P.R.A. sec. 3661; López v. Rodríguez, 121 D.P.R. 23 (1988); Mundo v. Cervoni, 115 D.P.R. 422, 424 (1984); Vega v. Vega Oliver, 85 D.P.R. 675 (1962).

IV

Para determinar cuál es el plazo prescriptivo que debemos aplicar a la reclamación de la señora Rivera Rosa, es necesario que examinemos qué ocurre cuando un tercero paga por otro, ya sea porque el deudor ignora del pago, porque el que paga no tiene interés en la obligación, o porque aun teniendo a su disposición el derecho a subrogación decide no ejercerlo, y surge a su favor una acción de reembolso.

A diferencia de la subrogación, en la cual lo que ocurre es una modificación subjetiva en la titularidad del crédito pagado mediante la cual el deudor queda obligado por el mismo crédito, con todos los derechos y garantías a él anexos, pero a favor de distinto acreedor, Eastern Sands, Inc. v. Roig Commercial Bank, supra, en el caso de la acción de reembolso surge un crédito nuevo e independiente, ya que el primer

crédito quedó extinguido por el pago.  Este crédito
independiente surge del mismo hecho del pago, y está destinado
a que el tercero pueda recobrar del deudor lo que efectivamente
pagó:

> En efecto, en el momento del pago se produce la
> extinción de la obligación y es cuando surge a favor
> del tercero la acción de reembolso o la de repetición
> del enriquecimiento producido.  R. Bercovitz y
> Rodríguez Cano, *supra,* a la pág. 56. *Véase además,*
> Puig Brutau, I-2 Fundamentos de Derecho Civil 3 Ed.
> (1985) pág. 255.

A diferencia de la acción subrogatoria que deberá
ejercitarse dentro del tiempo señalado por ley para la acción
particular que se ejecute, la acción de reembolso puede
ejercitarse dentro de los quince años señalados por el artículo
1864 del Código Civil, 31 L.P.R.A. sec. 5294, para las acciones
personales que no tienen señalado un término especial de
prescripción.  El término prescriptivo comenzará a decursar
desde el momento en que el tercero hizo el pago.  Victorino
Prieto Cobos, III-2 Ejercicio de las Acciones Civiles, 5 Ed.
Aranzadi, 1226 (1985).[11]

Por los fundamentos anteriormente esbozados, se revoca la
sentencia del Tribunal de Circuito de Apelaciones y se devuelve
el caso al Tribunal de Primera Instancia para que determine si
el señor Figueroa Robledo incumplió con la obligación
alimentaria impuesta por el tribunal de instancia en la
sentencia de divorcio.  De llegar a la determinación de que
efectivamente incumplió con dicha obligación, deberá

---

[11] La jurisprudencia española, al interpretar el Art. 1894
del Código Civil Español que corresponde al Art. 1794 nuestro,
31 L.P.R.A. sec. 5107, ha reconocido que cuando un tercero
presta alimentos, puede reclamar al deudor alimentante por los
alimentos que prestó al acreedor alimentista, siempre y cuando
no los hubiese prestado con ánimo de liberalidad. Tal
reclamación tiene un término prescriptivo de quince años.
Sentencia de 7 de marzo de 1932.

determinarse el monto de dicha deuda, y ordenar que se le reembolse dicha cantidad a la señora Rivera Rosa.

Se dictará la sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Israel Figueroa Robledo,
su esposa Victoria Figueroa
Torres, etc.

   Demandante y Recurridos

     v.                           CC-1998-56     Certiorari

Petra Rivera Rosa, su esposo
Julio Morales y la Sociedad
Legal de Bienes Gananciales

   Demandada y Peticionarios


SENTENCIA


San Juan, Puerto Rico, a 22 de octubre de 1999.


     Por los fundamentos expresados en la Opinión que antecede, los cuales se hacen formar parte integral de este Sentencia, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos.

     Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no interviene. El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita.



                Isabel Llompart Zeno
           Secretaria del Tribunal Supremo