Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MICHAEL ALEXANDER GUZMÁN NARVÁEZ<br><br>Recurrido<br><br>v.<br><br>JEIME LEE VÁZQUEZ TORRES<br><br>Peticionaria | KLCE202400076 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2021RF00965<br><br>Sobre:<br>Divorcio<br>Ruptura Irreparable |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

I.

El 1 de junio de 2021, el Sr. Michael Alexander Guzmán Narváez presentó *Demanda* de divorcio en contra de la Sra. Jeime Lee Vázquez Torres. Como parte del proceso de divorcio el caso fue referido a la Examinadora de Pensiones Alimenticias (EPA) para que se fijara la pensión alimenticia en beneficio a los dos hijos menores de estos. Llevada a cabo la vista ante la EPA el 7 de julio de 2021, la EPA, la Lcda. Judit Rodríguez Morales, emitió *Informe de la Examinadora de Pensiones Alimenticias* (Informe). Estableció que el señor Guzmán Narváez sufragara el 56% de los gastos escolares y el 56% de los gastos médicos no cubiertos. Además, que, de acuerdo a las Guías Mandatorias para Computar Pensiones Alimentarias en Puerto Rico,[1] correspondía al señor Guzmán Narváez pagar una pensión alimenticia básica de $383.89 y $91.47 de pensión alimenticia suplementaria. Finalmente, se recomendó al Tribunal que instruyera a las partes de la responsabilidad que tenían de

---

[1] Reglamento Núm. 8529 del 30 de octubre de 2014.

informar cualquier cambio de dirección, patrono o salario que estos tuviesen.

Así las cosas, el 8 de junio de 2021[2], el Tribunal de Primera Instancia emitió *Resolución y Orden* acogiendo las recomendaciones establecidas en el *Informe.* Indicó que la pensión debería ser pagada a partir del 1 de julio de 2021. Además, se les informó a las partes sobre su derecho a solicitar la modificación de la pensión fijada, transcurridos tres (3) años o cuando sobreviniere algún cambio sustancial en las circunstancias.

Dos años aproximadamente después, el 16 de octubre de 2023, la señora Vázquez Torres solicitó, por derecho propio, que se revisara la pensión alimentaria alegando que el señor Guzmán Narváez tenía ingresos que eran mayores, y que se designara la propiedad ganancial como Hogar Seguro de los menores.

El 23 de octubre de 2023, el Foro primario ordenó, primero, que la señora Vázquez Torres proveyera información sobre la propiedad cuya designación de hogar seguro solicitaba, y además, que proveyera evidencia de los ingresos mayores del señor Guzmán Narváez.

El 2 de noviembre de 2023, la señora Vázquez Torres presentó la Escritura de Compraventa de la propiedad. El 9 de noviembre de 2023, compareció nuevamente mediante *Segunda Moción de Derecho Propio* reproduciendo su solicitud de revisión de la pensión alimentaria. Esta vez basó su petición en que sus hijos habían sido matriculados en una institución de educación privada y que esto había ocasionado cambios sustanciales y significativos en los gastos escolares. En consecuencia, el 12 de noviembre de 2023, el Foro

---

[2] Destacamos que, a pesar de la *Resolución* tener fecha del 8 de junio de 2021, al examinar el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), nos percatamos que ello debió responder a un error mecanográfico, ya que surge de las entradas núm. 27 y núm. 28 de SUMAC que la *Resolución* y su notificación fueron emitidas el 8 de julio de 2021.

primario emitió *Orden* mediante la cual refirió el caso a la EPA para revisión.

Por su parte, el 28 de noviembre de 2023, el señor Guzmán Narváez presentó *Moción en Oposición.* Sostuvo que no autorizó el cambio de educación de pública a privada y que esta decisión había sido una tomada de manera unilateral por la señora Vázquez Torres, sin tener un fundamento en derecho válido para el cambio. Arguyó, que los menores eran muy queridos en su escuela anterior, que nunca habían tenido algún incidente que atentara contra su seguridad y que tenían un aprovechamiento académico excelente. Añadió, que los progenitores no cuentan con un salario para costear los gastos de una educación privada para dos menores gemelos y que era la abuela paterna quien cubría la responsabilidad de buscarlos a la escuela en la que se encontraban por lo que no había conflictos con el horario de dicha escuela. Finalmente, solicitó al Tribunal de Primera Instancia que se declarara No Ha Lugar la solicitud de revisión y se le ordenara a la madre de los menores el cese de toma de decisiones unilaterales sobre los menores y a volver a matricularlos en su escuela pública anterior o en la alternativa, que sea la madre quien costee los gastos de la institución de educación privada.

Luego de varios trámites procesales, el 7 de diciembre de 2023, la señora Vázquez Torres presentó otra *Moción por Derecho Propio.* Solicitó que: (1) se permitiera a los menores continuar recibiendo educación privada; (2) se estableciera un retroactivo de los pagos de la institución de educación privada y; (3) se establezca un retroactivo de la pensión alimenticia que el padre alegadamente había dejado de pagar.

En respuesta, el 8 de diciembre de 2023, el Foro primario concedió a la señora Vázquez Torres un término de quince (15) días para acreditar haber consultado y obtenido el consentimiento del

padre antes de haber matriculado a los menores en la institución de educación privada. Además, advirtió que, de haber realizado la determinación del cambio sin el consentimiento previo del señor Guzmán Narváez, este sería responsable solamente de la participación de los gastos en uniformes y materiales.

Mediante *Orden* emitida el 20 de diciembre de 2023, el Foro *a quo* resolvió que el señor Guzmán Narváez sería responsable de cualquier pago que fuera similar al de la escuela anterior y que, en cuanto a los materiales, uniformes y algún otro similar, respondería únicamente en la proporción que le toque según haya sido establecida previamente. Explicó que a pesar de que la señora Vázquez Torres había logrado justificar el cambio de la escuela, no logró demostrar haber tenido la aprobación previa del padre para el cambio. Añadió, que la señora Vázquez Torres debió acudir al tribunal antes de realizar el cambio para así obtener la autorización. En consecuencia, el mismo 20 de diciembre de 2023, emitió una segunda *Orden* con el fin de dejar sin efecto la vista y el referido ante la EPA.

Inconforme, el 19 de enero de 2024, la señora Vázquez Torres acudió ante nos mediante *Petición de Certiorari.* Plantea:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RELEVAR AL ALIMENTANTE DEL PAGO DEL GASTO SUPLEMENTARIO DE EDUCACIÓN DE SUS HIJOS MENORES DE EDAD SIN CELEBRAR UNA VISTA EVIDENCIARIA SOBRE DICHO PARTICULAR, LO CUAL CONSTITUYÓ UN CLARO ABUSO DE DISCRECIÓN, PARCIALIDAD, PREJUICIO Y ERROR MANIFIESTO.**
>
> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DEJAR SIN EFECTO EL REFERIDO A LA EXAMINADORA DE PENSIONES ALIMENTARIAS AMPÁRANDOSE SOLO EN SU DETERMINACIÓN SOBRE LOS GASTOS EDUCATIVOS DE LOS MENORES A PESAR DE QUE LA PETICIONARIA HABÍA SOLICITADO LA REVISIÓN POR CAMBIOS EN LOS INGRESOS DEL PETICIONADO.**

El 29 de enero de 2024, emitimos *Resolución* concediéndole al señor Guzmán Narváez un término de veinte (20) días para fijar su posición. Transcurrido dicho término y sin la comparecencia del señor Guzmán Narváez estamos en posición de resolver.

## II.

En su sustrato, la señora Vázquez Torres aduce que erró el Foro primario al relevar al señor Guzmán Narváez del pago del gasto suplementario de educación de sus hijos, sin celebrar una vista evidenciaria sobre dicho particular y al dejar sin efecto el referido de la EPA amparándose a su determinación sobre los gastos educativos de los menores. No le asiste razón. Veamos por qué.

## A.

La obligación de los padres de proveer los alimentos de sus hijos menores y el derecho de estos a recibirlos está expresamente estatuido en los artículos 658 y 590 del Código Civil de 2020.[3] El concepto de alimentos que viene obligado a proveer un alimentante incluye todo aquello que sea indispensable para el sustento, habitación, vestido, recreación y asistencia médica de una persona, según la posición social de la familia.[4] También incluye la educación de los alimentistas mientras sean menores de edad e, inclusive, hasta que terminen alguna carrera iniciada en ese periodo.[5] Además, las atenciones de previsión acomodado a los usos y las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.[6] Incluye además la partida por concepto de honorarios

---

[3] 31 LPRA § 7541 y §7242.
[4] Íd., § 7531; *McConnell* v. *Palau*, 161 DPR 734, 745-746 (2004); *Argüello*, 155 DPR, pág. 70; *Chévere*, 152 DPR, pág. 501; *Mundo* v. *Cervoni*, 115 DPR 422, 426 (1984).
[5] *Argüello*, 155 DPR, pág. 70; *Key Nieves* v. *Oyola Nieves*, 116 DPR 261, 266 (1985).
[6] 31 LPRA § 7532.

de abogado en una acción para reclamar alimentos y los gastos del litigio.[7]

La cuantía de los alimentos se fija de forma proporcionada, no sólo a las necesidades del alimentista, sino también a los recursos que el alimentante tiene a su disposición.[8] En este sentido, el Art. 671 del Código Civil de 2020, establece que: "[l]a cuantía de los alimentos se reduce o aumenta proporcionalmente según aumenten o disminuyan las necesidades del alimentista y los recursos del obligado".[9]

La modificación periódica de las pensiones de los menores de edad se rige por la legislación especial complementaria,[10] la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada.[11] Los mecanismos que esta normativa establece tienen una naturaleza inherentemente forzosa, pues van dirigidos principalmente a quienes no responden con sus obligaciones alimentarias o para lograr adjudicar pensiones cuando existe una disputa sobre la cantidad que los obligados deben aportar.[12] La patria potestad como conjunto de deberes y derechos que corresponden a los progenitores sobre la persona y los bienes de los hijos, desde que estos nacen hasta que alcanzan la mayoría de edad u obtienen su emancipación,[13] **debe ejercerse por ambos progenitores con paridad de responsabilidades**.[14] **Podrá ejercerla uno solo de los progenitores solamente si media el consentimiento expreso o tácito del otro o por decreto judicial**.[15]

---

[7] Íd., § 7534; *Guadalupe Viera* v. *Morell*, 115 DPR 4 (1983) [Fue revocado por fundamentos no pertinentes a nuestra discusión].
[8] *Chévere*, 152 DPR, pág. 534; *Rodríguez*, 117 DPR, pág. 621.
[9] 31 LPRA § 7567.
[10] 31 LPRA § 7567.
[11] 8 LPRA § 501 *et seq.*
[12] *De León Ramos* v. *Navarro Acevedo*, 195 DPR 157, 176 (2016).
[13] 31 LPRA § 7241. Véase, además, *Jusino González* v. *Norat Santiago*, 2023 TSPR 47.
[14] 31 L.P.R.A. § 7251.
[15] 31 L.P.R.A. § 7251. Énfasis nuestro.

Asuntos de esta índole están revestidos del más alto interés público y los tribunales, en protección, y para beneficio, de los menores de edad, y en el ejercicio de su poder de *parens patriae*, cuentan con amplias facultades y discreción.[16]

### III.

Para la señora Vázquez Torres el Foro primario no podía relevar al señor Guzmán Narváez del pago del gasto suplementario de la educación de sus hijos, sin celebrar una vista evidenciaria sobre dicho particular. No le asiste razón. Veamos por qué.

Ante requerimientos del Tribunal de Primera Instancia, la señora Vázquez Torres no logró acreditar el haber consultado **previamente** y haber recibido el consentimiento del señor Guzmán Narváez **antes** de haber cambiado de escuela y matriculado a los menores en escuela privada. Por ello, el Foro recurrido resolvió que el padre fuera responsable de cualquier pago relacionado a la escuela, tales como materiales y uniforme, únicamente en la proporción que le tocara según fue establecida previamente.

Según establecimos, las decisiones relacionadas a los menores sujetos a patria potestad deben tomarse en conjunto por ambos progenitores que ostentan la patria potestad, excepto en aquellos casos en los que medie consentimiento por uno de los padres ya sea de manera expresa o tácita o en los que exista un decreto judicial al respecto. No cabe duda de que como cuestión de derecho un padre que ostenta la patria potestad tiene el derecho de participar de una decisión tan importante como lo es el seleccionar en qué escuela van a ser matriculados sus hijos menores de edad. Ante la oposición del señor Guzmán Narváez al cambio a escuela privada de los menores, la señora Vázquez Torres debió acudir al

---

[16] *Martínez* v. *Ramírez Tió,* 133 DPR 219 (1993).

tribunal en lugar de tomar una decisión tan importante de forma unilateral, afectando los derechos del señor Guzmán Narváez.

Siendo este el único fundamento esbozado en su *Moción* para la revisión de pensión de alimentos, no erró el Tribunal de Primera Instancia en su determinación.

IV.

Por los fundamentos antes expuestos, se *expide* el Auto de *Certiorari* y se *confirma* la *Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones