# 2009 DTA 77

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VI**

WANDA DE LEÓN RAMOS
Demandante-Recurrida

v.

JUAN PABLO NAVARRO ACEVEDO
Demandado-Peticionario

Núm. KLCE-2008-01636

San Juan, Puerto Rico, a 12 de mayo de 2009

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Coll Martí y Vizcarrondo Irizarry

Rivera Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Un padre alimentante aceptó tener la capacidad económica para pagar la pensión alimentaria reclamada por su hijo menor de edad. Además, el padre solicitó realizar un descubrimiento de prueba en torno a la capacidad económica de la madre, quien tiene la custodia del menor.

El Tribunal de Primera Instancia denegó el descubrimiento de prueba contra la madre custodio.

Por entender que el Tribunal de Primera Instancia erró en su determinación, se expide el auto de *certiorari* y se autoriza el descubrimiento de prueba.

### I

La señora Wanda De León Ramos reclamó al señor Pablo Navarro Acevedo el pago de una pensión alimentaria para beneficio de su hijo menor de edad, el 23 de junio de 2008. El señor Navarro Acevedo contestó la demanda, incoó una reconvención y alegó que enviaba un pago de $1,000 mensuales para satisfacer las necesidades del hijo desde el momento de su nacimiento.

El caso se refirió a la Examinadora de Pensiones Alimentarias (Examinadora) y se celebró una audiencia el 4 de agosto de 2008. Ese día, se determinó una pensión provisional de $1,000 mensuales y el pago del plan médico en beneficio del menor. Paralelamente, el señor Navarro Acevedo promovió una solicitud para establecer las relaciones paterno-filiales.

Durante el proceso para fijar la pensión alimentaria, el señor Navarro Acevedo aceptó ante la Examinadora tener la capacidad económica para proveer alimentos al menor. Además, solicitó que la madre del menor, la

señora De León Ramos, descubriera información en torno a su capacidad económica. La madre objetó el descubrimiento solicitado. En particular, objetó varias preguntas que pretendían descubrir información en torno a los ingresos que ella recibió en un empleo que al presente no tiene. El descubrimiento de prueba promovido por el señor Navarro Acevedo incluyó varias solicitudes de órdenes para que instituciones financieras le provean información sobre las cuentas de la señora De León Ramos. Además solicitó, a RG Mortgage y a Reliable Financial Services los documentos sometidos por la señora De León Ramos a los efectos de cualificar para un préstamo hipotecario y de carro, respectivamente.

El Juez de Instancia determinó que el único descubrimiento de prueba que procedía era lo relacionado con los gastos y necesidades del menor y eximió a ambas partes —la madre y el padre— de descubrir información relacionada con sus finanzas.

Inconforme, el señor Navarro Acevedo recurre mediante auto de *certiorari* ante este foro y alegó que el hecho de aceptar su capacidad económica no liberó a la madre custodio de la obligación de aportar a la pensión del menor. Además, alegó que al negársele la oportunidad de descubrir prueba, se le impide obtener información pertinente sobre la aportación que la madre custodio puede hacer en beneficio del menor.

Compareció la señora De León Ramos en oposición a la petición de *certiorari*. Teniendo el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II
Examinemos algunos principios jurídicos pertinentes a la controversia ante nuestra consideración.

### 1. Los alimentos a los hijos menores

La obligación de los progenitores de brindar alimentos a sus hijos menores de edad, no emancipados, es parte esencial del derecho a la vida, consagrado en las Secs. 1 y 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A. Tomo I, *McConnell v. Palau*, 161 D.P.R. 734, 745 (2004); *Martínez v. Rodríguez*, 160 D.P.R. 145, 150-151 (2003). Es por ello que los casos relacionados con alimentos de menores están revestidos del más alto interés público, y que en éstos, el interés principal es el bienestar del menor. *Ferrer García v. González*, 162 D.P.R. 172, 177 (2004); *Argüello v. Argüello*, 155 D.P.R. 62, 69-70 (2001); *Negrón Rivera y Bonilla Ex Parte*, 120 D.P.R. 61, 71-72 (1987). La obligación de brindar alimentos a los menores de edad surge de la relación paterna y materna-filial que se origina en el momento en que la paternidad o maternidad quedan establecidas. *McConnell v. Palau, supra*, pág. 745; *Chévere v. Levis I,* 150 D.P.R. 525, 535-536 (2000).

Este deber tiene su base estatutaria en el Código Civil de Puerto Rico, Artículos 142-151, 31 L.P.R.A. secs. 561-570. En el caso de alimentistas menores de edad, la fijación de la pensión alimentaria, a su vez, está regulada por legislación especial. Véase, Ley 178 de 1 de agosto de 2003, según enmendada, conocida como la Ley Orgánica de la Administración para el Sustento de Menores (en adelante Ley de ASUME), 8 L.P.R.A. sec. 501 *et seq.*, y las Guías para determinar y modificar la pensiones alimentarias en Puerto Rico, Reglamento 7135 de ASUME de 24 de mayo de 2006 (en adelante, las Guías Mandatorias).

El Artículo 142 del Código Civil de Puerto Rico, 31 L.P.R.A. 561, define alimentos como todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia. Véase también, Guías Mandatorias, *supra*, Art. 4 (6). Además, los alimentos incluyen la educación e instrucción del alimentista, mientras es menor de edad. *Id.* En cuanto a la cuantía de los alimentos, el Artículo 146 del Código Civil, 31 L.P.R.A. sec. 565, aclara que ésta será proporcional a los recursos del que los da y a las necesidades del que los recibe.

Por su parte, el Artículo 153 del Código Civil, 31 L.P.R.A. sec. 601, establece que el padre y la madre tienen,

respecto de sus hijos no emancipados: (1) el deber de alimentarlos, (2) tenerlos en su compañía, (3) educarlos e instruirlos con arreglo a su fortuna, y (4) representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho. Como regla general, la obligación del sustento de los hijos menores recae en ambos padres. No obstante, una vez roto el vínculo matrimonial, se divide entre los padres el pago de la pensión alimentaria en cantidad proporcional a su caudal respectivo. Art. 145 del Código Civil, 31 L.P.R.A. sec. 564; *Figueroa v. Rivera,* 149 D.P.R. 565, 572 (1999); *López Martínez v. Yordán,* 104 D.P.R. 594, 597 (1976).

## 2. El procedimiento para establecer la cuantía de la pensión alimentaria

La Ley de ASUME, *supra*, sec. 502, tiene como imperativo el poner en vigor una política pública de paternidad responsable. A los fines de facilitar el cómputo de la cuantía de la obligación alimentaria de los menores de edad, se crearon las Guías Mandatorias, *supra*, Art. 3.

El Artículo 16 de la Ley de Asume, *supra* sec. 515, establece que en todo procedimiento relacionado con pensiones alimentarias será compulsorio el descubrimiento sobre la situación económica del alimentante y alimentista. Véase también, Ley de ASUME, *supra,* sec. 518; R. Ortega Vélez, *Compendio de Derecho de Familia,* Ed. **Publicaciones J.T.S.,** 2000, pág. 565. La Planilla de Información Personal y Económica (PIPE) se utiliza como guía para la información mínima requerida sobre la situación económica de las partes, las necesidades del alimentista y la capacidad de pago del alimentante. R. Ortega Vélez, *supra*.

Sin embargo, sobre este particular, en *Chévere v. Levis I, supra*, pág. 545, el Tribunal Supremo de Puerto Rico estableció que un alimentante queda exento del requisito de someter información sobre sus ingresos en la PIPE si acepta que tiene capacidad económica para proveer alimentos. Cuando el alimentante acepta tener capacidad económica, luego no puede impugnar la pensión fijada conforme a las necesidades razonables del alimentista alegando que no tiene capacidad económica para pagarla. *Chévere v. Levis I, supra*, pág. 546. Esto no exime al alimentante de descubrir cualquier prueba que proceda de acuerdo a las necesidades particulares de los menores y conforme a la particular condición socio-económica del padre. *Id.*, pág. 545.

Por otra parte, en *Chévere v. Levis II,* 152 D.P.R. 492 (2000), secuela del caso *Chévere v. Levis I, supra*, el Tribunal Supremo de Puerto Rico estableció los criterios que debe considerar un Tribunal para imponer una pensión alimentaria, cuando el llamado a alimentar acepta capacidad para pagar la cantidad que se le imponga. Dicho foro resolvió que un Tribunal no está limitado a considerar únicamente evidencia sobre gastos e ingresos, ya fuere testifical o documental. *Chévere v. Levis II, supra*, pág. 501. Puede utilizar, además, evidencia circunstancial que le permita inferir, como parte de las necesidades del menor, el estilo de vida a que éste tiene derecho a tenor con la capacidad económica y estilo de vida de su padre o madre. *Id.* Regla 10(H) de Evidencia, 32 L.P.R.A. Ap. IV.

Esto quiere decir que, cuando la capacidad económica del alimentante no está en controversia, la pensión alimentaria deberá ser fijada en virtud de lo establecido en los Artículos 142, 146 y 153 del Código Civil, 31 L.P. R.A. secs. 561, 565 y 601, tomando en consideración la condición económica, el estilo de vida del alimentante y las peculiares necesidades de los menores incluyendo el estilo de vida al cual éstos fueron acostumbrados. *Ferrer García v. González, supra*, pág. 180; *Chévere v. Levis II, supra*, pág. 505.

La doctrina jurisprudencial ha establecido además que una vez el padre o madre no custodio acepta su capacidad económica, sólo resta que el Tribunal determine la suma justa y razonable por concepto de pensión alimentaria para los menores. *Ferrer García v. González, supra*, pág. 179; *Chévere v. Levis I, supra*, pág. 545. Dicha determinación se **"hará a la luz de la evidencia presentada por los menores con relación a sus necesidades y la situación económica de la madre."** (Énfasis nuestro.) *Chévere v. Levis I, supra*, pág. 545.

Para determinar cuál es la situación económica del padre o madre custodio, es necesario hacer referencia a la

PIPE. En la parte VI de dicho documento, se le requiere al padre o madre custodio revelar su situación económica. Por ejemplo, se le solicita que informe su salario y cualquier otro ingreso que reciba como las propinas, bonificaciones, comisiones, cupones, compensación por desempleo, pensiones, entre otros. Además, se solicita que incluya los gastos mensuales del alimentista y del núcleo familiar. Mediante dicha información, se puede inferir cuál es la capacidad económica del padre o madre custodio y cuánto es que éste aporta al alimentista.

Por último, la pensión alimentaria generalmente se divide en dos partes, a saber, la pensión básica y la pensión suplementaria. La pensión básica cubre los gastos indispensables recurrentes y cotidianos de un alimentista. Art. 4 de las Guías Mandatorias, *supra*. La pensión suplementaria se relaciona con aquellos gastos que tanto la persona no custodia como la persona custodia deben sufragar para satisfacer las necesidades del alimentista que no se contemplan en la pensión alimentaria básica. *Id*. Entre éstos, se incluyen gastos, tales como los de salud no cubiertos por un seguro médico, educación y vivienda.

## 3. El descubrimiento de prueba

La tendencia moderna en el ámbito de procedimiento civil es facilitar el descubrimiento de prueba de forma tal que se coloque al juzgador en la mejor posición posible para resolver justamente. *E.L.A. v. Casta*, 162 D.P.R. 1, 9 (2004). Es por ello que el esquema del descubrimiento de prueba procura que su alcance sea uno amplio y liberal que permita lograr soluciones justas, rápidas y económicas a las controversias entre las partes. *Rodríguez v. Syntex*, 160 D.P.R. 364, 394 (2003); *Lluch v. España Service Station*, 117 D.P.R. 729, 743-744 (1986). Un descubrimiento de prueba amplio y bien utilizado permite precisar las cuestiones en controversia, acelera los procedimientos, propicia las transacciones, evita sorpresas indeseables en el juicio y perpetúa la prueba. *E.L.A. v. Casta, supra*, págs. 9-10; *Alfonso Brú v. Trane Export, Inc.*, 155 D.P.R. 158, 167 (2001).

La Regla 23.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone el alcance del descubrimiento de la siguiente forma:

"El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

(a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."

Cónsono con la doctrina vigente en nuestra jurisdicción, la citada Regla establece un amplio, vasto y liberal descubrimiento de prueba. La Regla 23.1 (a), *supra*, parte de la idea de que en un pleito puede descubrirse toda materia relacionada con el caso, sujeto a dos limitaciones fundamentales, a saber: (1) que la información no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Alfonso Brú v. Trane Export, Inc., supra*, pág. 167; *Ortiz Rivera v. E.L.A., National Ins. Co.*, 125 D.P.R. 65, 70 (1989).

Es importante destacar que, como regla general, el concepto de información pertinente, durante el descubrimiento de prueba, se evalúa en un contexto mucho más amplio que el utilizado en el derecho probatorio para la admisión de prueba. *Alvarado v. Alemañi*, 157 D.P.R. 672, 683 (2002); *García Rivera v. Enríquez*, 153 D.P.R. 323, 334 (2001); *Medina v. M. S. & D. Química P.R., Inc.*, 135 D.P.R. 716, 731 (1994).

El Tribunal Supremo ha señalado las circunstancias en donde el descubrimiento de prueba en relación con

información económica no procede. Por ejemplo, contra el demandado en casos de daños y perjuicios y en casos de alimentos cuando el alimentante acepta capacidad económica, entre otros. *Alfonso Brú v. Trane Export, Inc., supra,* pág. 168. Lo que el Tribunal tiene que analizar cuando se hace este tipo de solicitud es si la condición económica de la parte es un elemento de la reclamación incoada. *Chévere v. Levis, supra,* págs. 544-545; *Alfonso Brú v. Trane Export, Inc., supra,* pág. 168; *General Electric v. Concessionaries, Inc.,* 118 D.P.R. 32, 40-42 (1986). De no serlo, no procede ese tipo de descubrimiento. *Id.*

Los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera v. Bco. Popular,* 152 D.P.R. 140, 153-154 (2000). Como resultado de dicha discreción, la Regla 23.4 de las de Procedimiento Civil, *supra,* le otorga a los tribunales la facultad de prorrogar o acortar el término de 60 días para llevar a cabo el descubrimiento de prueba "según las circunstancias del caso lo ameriten y garanticen una pronta solución de la controversia".

La doctrina establece que los tribunales apelativos no deben interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera v. Bco. Popular, supra,* pág. 155; *Lluch v. España Service Station, supra,* pág. 745. La tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, el adecuado ejercicio de *discreción judicial* está estrechamente relacionado con el concepto de razonabilidad. *Rivera v. Bco. Popular, supra,* pág. 155.

### III

El señor Navarro Acevedo alegó que aceptar tener la capacidad económica para pagar la pensión alimentaria del menor no libera a la madre custodio de la obligación de aportar a la pensión del menor. Además, arguyó que era necesario que se le permitiera obtener información mediante el descubrimiento de prueba sobre la capacidad económica de la madre ya, que ello era pertinente para hacer la determinación de la pensión alimentaria. Por entender que le asiste la razón, revocamos la determinación del Tribunal de Primera Instancia. Veamos.

El padre y la madre tienen derecho a realizar el descubrimiento de prueba como un medio para garantizar que se conozca su verdadera situación económica y su capacidad para aportar a las necesidades del menor. La información que cada cual —padre y madre— incluyen en la PIPE sirve para realizar el cómputo de la pensión. No obstante, el padre que acepta tener la capacidad económica, no tiene que proveer información sobre sus finanzas. Se trata de una excepción al descubrimiento de prueba autorizado por la Ley de Asume, *supra,* ya que no se le requiere que complete la información en la PIPE. La aceptación de capacidad económica implica el reconocimiento del padre de que aportará para cubrir las necesidades económicas del menor, sin importar la cuantía.

La doctrina jurisprudencial ha resuelto que un padre o madre custodio está obligado a aportar para los alimentos del menor, aun en casos en que el padre o madre no custodio acepta su capacidad económica. En tal caso, la jurisprudencia ha establecido que el Tribunal evaluará las necesidades del menor y la capacidad económica del padre o madre custodio, previo a la fijación de la pensión alimentaria.

En el caso ante nuestra consideración, el padre aceptó tener la capacidad económica, por lo cual la madre no podrá realizar descubrimiento de prueba sobre los ingresos y estilos de vida de éste. No obstante, ello no quiere decir que, como parte de las necesidades del menor, el Tribunal no pueda examinar, mediante prueba circunstancial, el estilo de vida a que éste tiene derecho a tenor con la capacidad económica y estilo de vida de su padre o madre no custodio.

Reconocemos que el cuido y la atención que requerirá un niño de aproximadamente cuatro meses que nació

con el Síndrome *Down* será extraordinaria. Este cuidado y apoyo físico y mental es tan importante y necesario como la ayuda económica que los padres puedan proveerle al menor. Al determinar la pensión, el Tribunal de Instancia deberá considerar estos factores y el padecimiento particular del niño.

Los casos de *Chévere I y II y Ferrer García, supra*, establecen la doctrina en la cual se reconoce la importancia y pertinencia de la capacidad económica del padre o madre custodio. Por lo tanto, procede autorizar el descubrimiento de prueba de la madre custodio. El Tribunal de Primera Instancia evaluará el descubrimiento solicitado por el señor Navarro Acevedo y las objeciones de la señora De León Ramos para dilucidar la extensión de éste.

Al autorizar el descubrimiento de prueba, debe recordarse que el Tribunal puede limitarlo. Por lo que el ámbito del descubrimiento estará limitado a los asuntos pertinentes a las necesidades del menor y la capacidad económica de la señora De León Ramos, según informado en la PIPE. Por ejemplo, en el caso de autos, las preguntas que se relacionan con un antiguo empleo de la madre custodio son impertinentes, salvo que, de alguna forma, corroboren la existencia de una compensación final o la existencia de un plan médico aún vigente. En cuanto a la solicitud de documentos de la señora De León Ramos, utilizados para unas solicitudes de préstamos, entendemos que las mismas pueden ser pertinentes dependiendo de la fecha en que fueron solicitados los préstamos. Teniendo en cuenta que la situación económica al momento de hacer la solicitud puede haber cambiado por el transcurso del tiempo, le corresponde al Tribunal de Instancia determinar si dicha información es pertinente en estos momentos para demostrar la capacidad económica de la señora De León Ramos según informada en la PIPE.

**IV**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se revoca la resolución del Tribunal de Primera Instancia. Se devuelve el caso al Tribunal de Primera Instancia para que actúe conforme a lo aquí resuelto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones