

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nancy E. Toro Sotomayor<br><br>   Peticionaria<br><br>      v.<br><br>Héctor I. Colón Cruz<br><br>   Recurrido | Apelación<br><br>2009 TSPR 134<br><br>176 DPR \_\_\_\_ |

Número del Caso: AC-2008-63

Fecha: 14 de agosto de 2009

Tribunal de Apelaciones:

    Región Judicial de Bayamón Panel VII

Juez Ponente:

    Hon. Gretchen I. Coll Marti

Abogados de la Parte Peticionaria:

    Por derecho propio

Materia: Divorcio

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correcciones del proces   o de compilación y publicación oficial de las decisiones del Tribunal.    Su distribución electrónica se hace como un servicio público a la c    omunidad. ?

?

?

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nancy E. Toro Sotomayor

    Peticionaria

       v.

                            AC-2008-0063

Héctor I. Colón Cruz

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 21 de agosto de 2009.

En el día de hoy, debemos resolver si un padre que reclama un crédito por haber satisfecho con sus propios recursos las necesidades de sus hijos en exceso de lo que le correspondía –ante el incumplimiento con el pago de pensiones alimenticias por parte de la madre alimentante– puede compensar dicho crédito con la pensión que ahora le corresponde pagar a favor de su hija menor de edad. Conscientes del alto interés público del que está revestida la presente controversia, y luego de examinar tanto las disposiciones legales como la jurisprudencia aplicable, respondemos dicha interrogante en la

negativa. En vista de lo anterior, modificamos la sentencia dictada por el Tribunal de Apelaciones en cuanto permite la compensación antes mencionada.

I

Los hechos que originan la controversia de autos están relacionados con los trámites judiciales posteriores al divorcio del Sr. Héctor Colón Cruz y la Sra. Nancy E. Toro Sotomayor, quienes procrearon dos hijos durante el matrimonio.

En julio de 2006, la Examinadora de Pensiones Alimenticias recomendó imponer al señor Colón Cruz una pensión provisional de $211.81 en beneficio de la hija menor de edad de las partes, quien, para entonces, se encontraba bajo la custodia de la señora Toro Sotomayor. Además, recomendó que éste sufragara el 43% de los gastos universitarios de la menor. Según la recomendación de la Examinadora de Pensiones, los pagos se harían directamente a la señora Toro Sotomayor a partir del 1 de agosto de 2006. El señor Colón Cruz objetó el pago de los gastos universitarios y la vista del caso quedó señalada para octubre de 2006.

Posteriormente, el señor Colón Cruz presentó una "Moción Solicitando Determinación de Crédito a Favor del Padre en la Etapa en que Ostentó la Custodia". En la referida moción, alegó que cuando su hijo mayor -estando bajo su custodia- cumplió 18 años de edad, la señora Toro Sotomayor dejó de aportar a su manutención, por lo que tuvo que satisfacer todos los gastos de éste. De igual forma,

adujo que su ex esposa tampoco aportó al sostenimiento de la hija menor durante el tiempo en que la tuvo bajo su custodia. En vista de lo anterior, reclamó un crédito por los períodos de tiempo en que la señora Toro Sotomayor dejó de aportar alimentos a favor de sus hijos y éste se hizo cargo del sostenimiento total de los menores. Según los cálculos provistos al tribunal por el señor Colón Cruz, dicho crédito ascendía a $5,600. Examinado el asunto, el Tribunal de Primera Instancia acogió la recomendación de la Examinadora de Pensiones y declaró sin lugar la moción presentada por el señor Colón Cruz.

Oportunamente, el señor Colón Cruz presentó una moción de reconsideración. En respuesta, el tribunal de instancia celebró una vista en la cual el señor Colón Cruz reiteró su solicitud de crédito. Por su parte, la señora Toro Sotomayor entregó unos documentos relacionados a unos pagos recibidos por sus hijos como parte de sus beneficios del Seguro Social. Finalizada la vista, el foro de instancia concedió a las partes un término para presentar sus respectivas posiciones sobre el crédito solicitado por el señor Colón Cruz. En cumplimiento de lo anterior, éste detalló los pagos efectuados en beneficio de los menores durante las etapas en que ostentó su custodia y solicitó que se dejara sin efecto la vista señalada ante la Examinadora de Pensiones hasta tanto el tribunal resolviera la controversia sobre el crédito solicitado. Por su parte, la señora Toro Sotomayor presentó una moción en la que requirió detalles específicos sobre el estado financiero

del señor Colón Cruz para poder replicar a la solicitud de crédito presentada.

El Tribunal de Primera Instancia emitió varias resoluciones en las que le ordenó a la señora Toro Sotomayor expresarse sobre el crédito solicitado por su ex cónyuge. No obstante, ésta insistió en que necesitaba información detallada sobre los ingresos del señor Colón Cruz y la forma en que éste realizó el cálculo del crédito solicitado antes de poder cumplir con las órdenes del tribunal. Ante el reiterado incumplimiento de la señora Toro Sotomayor con dichas órdenes, el foro de instancia emitió una resolución en la que concedió el crédito en controversia tal y como lo solicitó el señor Colón Cruz y refirió el caso a la Examinadora de Pensiones para trámites ulteriores.[1]

Inconforme, la señora Toro Sotomayor acudió al Tribunal de Apelaciones y adujo que el foro primario erró al dictar sentencia a favor del señor Colón Cruz a pesar de que su acción estaba prescrita por haber excedido el término de 5 años que establece la ley para reclamar deudas de pensiones alimenticias vencidas. Además, sostuvo que el tribunal de instancia incidió al compensar la alegada deuda de pensión alimenticia de la señora Toro Sotomayor con la

---

[1] Según se desprende de la Minuta correspondiente a la vista celebrada el 14 de junio de 2007, la representación legal del señor Colón Cruz solicitó que el crédito fuera de $100 mensuales por el tiempo que le correspondía a la señora Toro Sotomayor pagar la pensión de su hijo mayor de edad, mientras éste se encontraba bajo la custodia de su padre.

pensión alimenticia futura impuesta al señor Colón Cruz a favor de la hija menor procreada por ambos. No obstante, el foro apelativo confirmó el dictamen del tribunal de instancia tras concluir que la señora Toro Sotomayor nunca respondió a los reclamos de un crédito del señor Colón Cruz. Además, concluyó que a dicho reclamo, por tratarse de una acción de reembolso, le aplicaba el término prescriptivo de 15 años. De esta forma, determinó que la acción instada por el señor Colón Cruz no estaba prescrita y que el crédito reclamado era válido y exigible.

Aún inconforme, la señora Toro Sotomayor acude ante nos por derecho propio y —en esencia— reproduce los mismos señalamientos de error esbozados ante el Tribunal de Apelaciones. Alega que la acción del señor Colón Cruz está prescrita por tratarse de una reclamación de alimentos a favor de su hijo mayor de edad, presentada luego de los 5 años que dispone la ley para reclamar pensiones de alimentos atrasadas. De igual forma, aduce que los foros inferiores erraron al compensar el crédito del señor Colón Cruz con las pensiones alimenticias futuras de su hija menor.

Acogido el recurso como una petición de *certiorari*, por ser el recurso apropiado, el pasado 6 de marzo de 2009 le concedimos un término al señor Colón Cruz para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia recurrida. El señor Colón Cruz no ha comparecido, por lo que procedemos a resolver sin el beneficio de su comparecencia.

## II

El derecho a reclamar alimentos, como parte del derecho a la vida, tiene profundas raíces constitucionales. Se trata de un derecho fundamental que se acentúa cuando están envueltos los alimentos de menores y forma parte del poder de *parens patriae* del Estado. Figueroa Robledo v. Rivera Rosa, 149 D.P.R. 565, 572 (1999). En reiteradas ocasiones hemos expresado que los menores tienen un derecho fundamental a reclamar alimentos, que los casos relacionados con alimentos de menores están revestidos del más alto interés público y que en éstos el interés no puede ser otro que el bienestar del menor. *Íd*; Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 61 (1987); Rodríguez Avilés v. Rodríguez Beruff, 117 D.P.R. 616 (1986).

Como se sabe, la obligación del sustento de los hijos menores recae en ambos padres. Sin embargo, una vez disuelto el vínculo matrimonial, se distribuye entre los padres el pago de la pensión alimenticia en una cantidad proporcional a su respectivo caudal. Véanse el Art. 145 del Código Civil, 31 L.P.R.A. sec. 546; López Martínez v. Yordán, 104 D.P.R. 594 (1976). También hemos reconocido que la labor personal de un cónyuge que al administrar la pensión la convierte y destina a todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica de sus hijos debe estimarse como descargo de su propia obligación de alimentar. Mundo v. Cervoni, 115 D.P.R. 422 (1984).

Mientras los hijos sean menores de edad y no hayan sido emancipados por razón de matrimonio o dictamen judicial, los derechos de la patria potestad facultan al progenitor interesado a reclamar el pago de pensiones en nombre de los hijos. Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296; Brea v. Pardo, 113 D.P.R. 217 (1982). No olvidemos que el padre o la madre tienen respecto de sus hijos no emancipados el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho. Art. 153 del Código Civil, 31 L.P.R.A. sec. 601.

No obstante, una vez los hijos son emancipados, éstos tienen la capacidad para representar sus propios intereses ante los tribunales, no pudiéndolo hacer sus padres desde ese momento. Key Nieves v. Oyola Nieves, 116 D.P.R. 261 (1985). En el caso de las pensiones alimenticias vencidas o atrasadas, el progenitor carece de legitimación para representar a su hijo alimentista mayor de edad o para continuar la acción de cobro de las cuantías no satisfechas, aunque haya sido el progenitor quien inició la acción originalmente. Véase Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3, 10-11. (1993).

Además, aunque la acción para reclamar alimentos la haya iniciado el padre o la madre de un menor de edad, la realidad es que la acción le pertenece al hijo o a la hija alimentista, siendo el progenitor demandante su representante para lograr el remedio solicitado. De hecho, en Figueroa Robledo v. Rivera Rosa, *supra*, resolvimos que éste es un tercero en cuanto a la obligación alimenticia

que el padre alimentante tiene frente al hijo o hija. Aunque el alimentante haga el pago de la pensión directamente al padre o madre custodio, ello no altera la naturaleza ni las partes en la obligación. *Íd.*

Ahora bien, en Calvo Mangas v. Aragonés, 115 D.P.R. 219 (1984), expresamos que cuando un padre alimentante paga en exceso de lo que le corresponde tiene un crédito a su favor por ese excedente. El padre que ha pagado en exceso puede reclamar su crédito mediante una acción independiente que no configura una reclamación de alimentos. Así lo resolvimos en Figueroa Robledo v. Rivera Rosa, *supra,* al examinar el reclamo de una madre que pedía el reembolso de los gastos en que tuvo que incurrir para alimentar a sus hijos, debido a que el verdadero deudor de la obligación alimenticia, el padre de sus hijos, alegadamente no cumplía con dicha obligación. Allí expresamos que en situaciones como esas es aplicable la figura del pago por tercero regulada en el artículo 1112 del Código Civil, 31 L.P.R.A. sec. 3162. Dicha disposición establece que:

> Puede hacer el pago cualquier persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.
>
> El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.
>
> En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago. *Íd*.

Anteriormente hemos reconocido que dicha norma es de aplicación a reclamaciones pecuniarias, aun en aquellos

casos en que la obligación o deuda satisfecha por el tercero es una pensión alimenticia que el verdadero deudor ha incumplido. Véase Figueroa Robledo v. Rivera Rosa, supra, citando a J.L. Lacruz Berdejo, La Gestión de Negocios sin Mandato, 51 Revista Crítica del Derecho Inmobiliario, 254, 270 (1975). Además, en Figueroa Robledo resolvimos que como al momento del pago por tercero se produce la extinción de la obligación y surge a favor del tercero la acción de reembolso, ésta puede ejercerse dentro del término de 15 años establecido por el artículo 1864 del Código Civil para las acciones personales que no tienen un término especial de prescripción, 31 L.P.R.A. sec. 5294.[2] El término prescriptivo comienza a transcurrir desde el momento en que el tercero hace el pago. Figueroa Robledo v. Rivera Rosa, supra, pág. 579-580.

En síntesis, el progenitor que retuvo la patria potestad y custodia de los hijos no puede reclamar del otro cónyuge el pago de las pensiones alimenticias atrasadas debidas a los hijos cuando éstos ya son mayores de edad. No obstante, éste puede reclamar en el mismo pleito de alimentos —donde estén todas las partes afectadas— la existencia de una deuda por parte del otro cónyuge para con su persona, por los pagos que tuvo que hacer ante el incumplimiento de aquel con su obligación alimenticia.

---

[2] Ello en contraposición a las acciones para reclamar alimentos que prescriben a los 5 años. Art. 1886 del Código Civil, 31 L.P.R.A. sec. 5296. Rodríguez Avilés v. Rodríguez Beruff, supra; Brea v. Pardo, supra.

Véase <u>Ríos Rosario v. Vidal Ramos</u>, *supra*. Dicho crédito debe ser satisfecho de los bienes personales del padre deudor. Véase <u>Figueroa Robledo v. Rivera Rosa</u>, *supra,* pág. 579.

En el caso de autos, el Tribunal de Apelaciones confirmó una sentencia del Tribunal de Primera de Instancia que concedió el crédito reclamado por el señor Colón Cruz por los pagos realizados para el sustento de sus hijos en exceso de lo que le correspondía. Ello ante el alegado incumplimiento de la señora Toro Sotomayor con los pagos de alimentos correspondientes mientras sus hijos se encontraban bajo la custodia del señor Colón Cruz. De esta forma, el foro primario accedió a la solicitud del señor Colón Cruz para que el referido crédito fuera compensado con los alimentos reclamados por la señora Toro Sotomayor en nombre de su hija menor de edad y refirió el caso a la Examinadora de Pensiones para que continuara con los trámites ulteriores.

En vista de lo anterior, debemos resolver si lo solicitado por el señor Colón Cruz se trataba de un reclamo de pensiones alimenticias atrasadas en nombre de su hijo mayor de edad o si por el contrario, tal y como resolvieron los foros inferiores, se trataba de una acción personal de reembolso, en cuyo caso aplicaría la figura del pago por tercero del artículo 1112 del Código Civil, *supra*, sujeta al término prescriptivo de 15 años. Además, en caso de que resolvamos que, en efecto, se trata de una acción de reembolso, debemos examinar la corrección de la

determinación del foro de instancia al compensar dicho crédito con los alimentos que el señor Colón Cruz debía pagar a favor de su hija menor de edad.

## III

Como mencionáramos anteriormente, una vez los hijos advienen a la mayoría de edad, sus padres no pueden reclamar -en nombre de ellos- pensiones atrasadas no pagadas por el padre alimentante. Al emanciparse, los hijos advienen en capacidad de representar sus propios intereses ante los tribunales, no pudiéndolo hacer sus padres. Key Nieves v. Oyola Nieves, *supra*. No obstante, el padre que pagó alimentos en exceso de lo que le correspondía ante el incumplimiento del padre alimentante puede presentar, en el mismo pleito judicial en que se dilucidan los alimentos en controversia y en el que están presentes todas las partes, una acción de reembolso en contra del padre alimentante. Se trata, pues, de una acción personal que puede ser ejercida en un término de 15 años, a partir del momento en que éste pagó en exceso de lo que le correspondía. Ello es así dado que, en esas circunstancias, es de aplicación la figura del pago por tercero del artículo 1112 del Código Civil, *supra*. Esto fue, precisamente, lo que ocurrió en el caso de autos.

El señor Colón Cruz impugnó la determinación del Tribunal de Primera Instancia de imponerle una pensión alimenticia de $211.81 mensual a favor de su hija menor de edad. Específicamente, éste alegó que la señora Toro Sotomayor dejó de pagar alimentos durante el tiempo en que él tuvo sus hijos bajo su custodia. En vista de ello,

solicitó que se le acreditara al pago de la pensión ordenada aquello que la señora Toro Sotomayor tendría que pagarle por el tiempo en que tuvo que satisfacer la totalidad de los gastos necesarios para el sustento de sus hijos, ante la alegada falta de pago de alimentos de la señora Toro Sotomayor.

De lo anterior se desprende que el señor Colón Cruz no reclamó alimentos en nombre de su hijo mayor de edad, como alega la señora Toro Sotomayor en su alegato. Por el contrario, éste reclamó un reembolso por los gastos en que tuvo que incurrir, en exceso de lo que le correspondía, para cubrir la parte de los alimentos de sus hijos que debía pagar la señora Toro Sotomayor. Se trata, en efecto, de un crédito personal por haber pagado lo que le correspondía pagar a su ex cónyuge.

A la luz del derecho discutido previamente, y de las circunstancias particulares del caso de autos, concluimos que no erraron los foros recurridos al determinar que el señor Colón Cruz podía reclamar, mediante una acción de reembolso, un crédito en contra de la señora Toro Sotomayor por los pagos realizados en exceso de lo que le correspondía para el sustento de sus hijos. Ello incluye los pagos realizados a favor del hijo que, al momento de iniciarse la presente controversia, había advenido a la mayoridad. De igual forma, actuaron correctamente los foros *a quo* al resolver que el término prescriptivo aplicable a dicha acción era el de 15 años dispuesto en el artículo

1112 del Código Civil y no el de 5 años aplicable a los reclamos de alimentos.

No obstante, concluimos que incidieron los foros recurridos al permitir que dicho crédito fuera compensado con los alimentos que el señor Colón Cruz debía pagar a favor de su hija menor de edad y que la señora Toro Sotomayor había reclamado en nombre de ésta. En su lugar, conforme a las disposiciones del Código Civil sobre la figura de la compensación y la jurisprudencia de este Tribunal, el referido crédito debe ser satisfecho con los bienes personales de la señora Toro Sotomayor, no con los alimentos correspondientes a su hija menor de edad. Veamos.

**IV**

La compensación es una de las causas de extinción de las obligaciones, cuyo propósito es simplificar las relaciones jurídicas entre aquellos que están recíprocamente obligados. Walla Corporation v. Banco Comercial de Mayagüez, 114 D.P.R. 216, 220 (1983). El Código Civil dispone que la compensación tendrá lugar cuando dos personas, por derecho propio, sean recíprocamente acreedoras y deudoras la una de la otra. Art. 1149 del Código Civil, 31 L.P.R.A. sec. 3221. Por ello, podemos definir la compensación como la extinción de dos obligaciones que existen en sentido inverso entre las mismas personas, reputándose pagadas totalmente o hasta la concurrencia de la más débil, según que la cifra de la una sea igual o no a la otra. Así, pues, cada uno de los acreedores se paga reteniendo lo que debe. (*Compensatio est*

*debiti et crediti inter se contributio)*. <u>Ramos Acosta v.</u>
<u>Caparra Dairy</u>, 116 D.P.R. 60, 65 (1985).

Anteriormente hemos expresado, citando a Castán
Tobeñas, que el termino compensación surge del concepto *cum*
*pensare*, pesar reunidas dos cosas, que significa
etimológica y muy gráficamente una operación figurada de
pesar simultáneamente dos obligaciones, para extinguirlas
en la medida en que el importe de la una esté comprendido
en el de la otra. J. Castán Tobeñas, <u>Derecho civil español,</u>
<u>común y foral</u>, 11ma ed., Madrid, Ed. Reus, 1974, T. III,
págs. 371-372, *según citado* en <u>Ramos Acosta v. Caparra</u>
<u>Dairy</u>, *supra,* pág. 65-66. Su fundamento es facilitar las
cosas, evitando la necesidad de un doble cumplimiento,
cuando la prestación que uno recibiera, debería, a su vez,
realizarla a favor del otro. No se trata de un doble pago
abreviado, como suele decirse, sino de la supresión de dos
pagos. M. Albaladejo, <u>Derecho Civil</u>, 7ma ed., Barcelona,
Ed. Bosch, 1983, T. II, Vol. I, pág. 309.

Para que ocurra la compensación tienen que estar
presentes todos los requisitos dispuestos en el Código
Civil. M. Albaladejo, *Íd*, pág. 311-314. A tales efectos, el
Código Civil dispone en su artículo 1150 que para que
proceda la compensación es preciso:

1. **Que cada uno de los obligados lo esté
   principalmente, y sea a la vez acreedor
   principal del otro.**

2. Que ambas deudas consistan en una cantidad
   de dinero, o siendo fungibles las cosas
   debidas, sean de la misma especie y también
   de la misma calidad, si ésta se hubiese
   designado.

3. Que las dos deudas estén vencidas.

4. Que sean líquidas y exigibles.

5. Que sobre ninguna de ellas haya retención o contienda promovida por terceras personas y notificada oportunamente al deudor. 31 L.P.R.A. sec. 3222. (Énfasis nuestro).

Ahora bien, existen varias circunstancias en las cuales, excepcionalmente, no ocurre la compensación. No hay compensación cuando sobre alguna de las obligaciones pesa retención o contienda promovida por terceras personas, si es oportunamente notificada al deudor. Tampoco la habrá cuando alguna de las deudas proviene de depósito o de las obligaciones del depositario o comodatario. Por último, "**no puede haber compensación contra el acreedor por alimentos entre parientes** o debidos a título gratuito, salvo que se trate de pensiones alimenticias atrasadas; o en general, aunque calle en ese punto la ley, contra el acreedor cuyo crédito sea inembargable". Véase M. Albaladejo, op. cit., pág. 314. (Énfasis nuestro).

En lo concerniente a la controversia de autos, la doctrina aplicable nos señala que lo que no se puede extinguir a título de compensación es la obligación de prestar alimentos. Sobre este punto, aclara Albaladejo que "lo que no compensa (cosa que, por otro lado, no es de extrañar porque no se reúnen los requisitos que la compensación requiere) es la obligación de alimentos globalmente ni los vencimientos correspondientes a períodos futuros". Íd, pág. 315. En términos similares se expresa Puig Brutau al sostener que "**no es renunciable ni**

**transmisible a un tercero el derecho a los alimentos. Tampoco pueden compensarse con lo que el alimentista deba al que ha de prestarlos**". J. Puig Brutau, Fundamentos de Derecho Civil, 3ra ed., Barcelona, Ed. Bosch, 1985, T. I, Vol. II, pág. 381. (Énfasis nuestro).

Lo anterior es cónsono con la prohibición de transigir alimentos futuros dispuesta en nuestro Código Civil y reiterada en nuestra jurisprudencia. Véase Art. 1713 del Código Civil, 31 L.P.R.A. sec. 4825. Véanse, además, Cantellops v. Cautiño Bird, 146 D.P.R. 791, 806 (1998); Rubio Sacarello v. Roig, 84 D.P.R. 344 (1962). En Rubio Sacarello v. Roig, al citar con aprobación un sector de la doctrina española, expresamos que la prohibición de transigir alimentos futuros está justificada "en poderosas razones de moralidad que no pueden ocultarse, o sea, la razón ya expuesta de que una transacción sobre alimentos equivaldría a renunciar en parte a la vida". Rubio Sacarello v. Roig supra, pág. 357. Se trata de un asunto de interés público. Íd, pág. 350. Cualquier transacción en ese sentido sería nula, dado el interés público del que está revestida la institución de alimentos y su carácter variable, así como su trascendencia a la vida. I. Ramos Buonomo, Análisis del Término 1998-99: Procedimiento Civil, 69 Rev. Jur. U.P.R. 589, 592 (2000).

Sin embargo, la prohibición de transigir alimentos no se extiende a los alimentos devengados o vencidos, pues desde el momento de su vencimiento forman parte del patrimonio del alimentista, o sea, constituyen un crédito

que es susceptible de ser transigido. Además, dicha prohibición sólo aplica en el caso de alimentos entre parientes y, no así, a los alimentos de ex cónyuges. Véase Rubio Sacarello v. Roig, *supra*, pág. 357.

En resumen, para que haya compensación tienen que estar presentes todos los requisitos dispuestos en nuestro Código Civil, incluyendo el que aquellos que la invocan sean acreedores y deudores el uno del otro. Además, queda claro que, si bien se pueden transigir las deudas de alimentos vencidas, nuestro ordenamiento prohíbe transigir tanto el derecho a recibir alimentos como los alimentos futuros, cuando se trate de alimentos entre parientes.

En el caso de autos, no estamos ante una situación en la cual quien invoca la compensación es simultáneamente deudor y acreedor de la misma persona. Si bien el señor Colón Cruz es acreedor de la señora Toro Sotomayor en virtud de los pagos que éste realizó para el sustento de sus hijos –en exceso de lo que le correspondía–, la acreedora del señor Colón Cruz no es la señora Toro Sotomayor, sino la hija menor de edad de las partes. El reclamo de alimentos instado en los tribunales por la señora Toro Sotomayor es, realmente, un reclamo de su hija menor de edad procreada con el señor Colón Cruz, presentado por conducto de la madre custodia, en este caso la señora Toro Sotomayor. Por lo tanto, no existe la reciprocidad entre partes que permitiría invocar la compensación. El señor Colón Cruz no puede pretender compensar su obligación

de alimentar a su hija menor de edad con el crédito personal que éste tiene en contra de la señora Toro Sotomayor.

Además, permitir la compensación del crédito del señor Colón Cruz con su obligación de pagar alimentos a favor de su hija sería contrario a la prohibición de transigir el derecho a recibir alimentos globalmente y pensiones de alimentos futuras dispuesta en el Código Civil. Surge del expediente que el reclamo del crédito a favor del señor Colón Cruz ocurrió en respuesta a la imposición de una nueva pensión. Se trata, pues, de pensiones futuras que el señor Colón Cruz debía comenzar a pagar a partir del 1 de agosto de 2006. Aun si se tratara de pensiones atrasadas y vencidas –las cuales sí pueden ser transigidas por el alimentista– éstas no podrían compensarse con el crédito reclamado por el señor Colón Cruz. Ello es así ya que su deudora en virtud de dicho crédito no es la parte alimentista –en este caso la hija menor de edad–, sino la señora Toro Sotomayor, ex cónyuge del señor Colón Cruz.

A la luz de lo anterior, resolvemos que erraron tanto el Tribunal de Apelaciones como el foro de instancia al compensar el crédito reclamado por el señor Colón Cruz con los alimentos que éste debe pagar a favor de su hija menor de edad. El crédito reclamado por el señor Colón Cruz surge de una acción de reembolso en contra de la señora Toro Sotomayor, por lo que debe ser satisfecho de los bienes personales de ésta.

V

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado y se modifica el dictamen emitido por el Tribunal de Apelaciones en tanto en cuanto permite compensar el crédito reclamado por el señor Colón Cruz con las pensiones de alimentos que éste debe pagar a su hija menor de edad. Se devuelve el caso al foro de instancia para que continúe con los procedimientos conforme a lo aquí resuelto.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nancy E. Toro Sotomayor

    Peticionaria

       vi.

                         AC-2008-0063

Héctor I. Colón Cruz

    Recurrido


SENTENCIA


San Juan, Puerto Rico a 21 de agosto de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de *certiorari* solicitado y se modifica el dictamen emitido por el Tribunal de Apelaciones en tanto en cuanto permite compensar el crédito reclamado por el señor Colón Cruz con las pensiones de alimentos que éste debe pagar a su hija menor de edad. Se devuelve el caso al foro de instancia para que continúe con los procedimientos conforme a lo aquí resuelto.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.


                          Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo